ELLA ROCK, Respondent, *v.* JOHN ROCK, as Executor, etc., of DELIA ROCK, Deceased, Appellant.

*Claim for services rendered to one since deceased — what evidence will be required to sustain it.*

Where a claim for services, alleged to have been rendered to a decedent during his lifetime, is presented for the first time after the decedent's death, the court will require clear proof from disinterested witnesses that the services were accepted with an intent on the part of the decedent to pay therefor.

APPEAL by the defendant, John Rock, as executor, etc., of Delia Rock, deceased, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Clinton on the 14th day of September, 1903, upon the report of a referee.

Delia Rock died in the fall of 1901. Prior to that time, from 1895 until the spring of 1901, William Rock, her son, with his wife, Ella Rock, this claimant, lived upon the decedent's farm. They occupied a part of the house while the decedent occupied her own rooms. William Rock worked the farm on shares. The families lived separately, Delia Rock doing her own cooking and attending to her own part of the house, while William Rock and his wife cared for their part of the house. During this period at different intervals

for about twenty weeks Delia Rock was sick and received the care and attendance of her daughter-in-law, this claimant. After her death a claim was filed by this plaintiff for $498. In this claim there are four items : *First*, a claim for taking care of the deceased at her request and for work and labor performed at her request from April 20, 1895, to April 19, 1901, $468; *second*, for extra work during a sickness of nine weeks in 1897 at $1.50 per week, $13.50; *third*, for extra work performed during her sickness for six weeks in 1897 at $1.50 per week, $9; *fourth*, for extra work performed in 1898 for five weeks during her sickness at $1.50 per week, $7.50. It will be noticed that the first claim is at the rate of $1.50 per week for the full time; the remaining claims are for additional services in times of sickness. The referee has found that at no time, except during the time of sickness, is the claimant entitled to compensation for services, and that for twenty weeks during the time of sickness she is entitled for services at the rate of $5 per week, and has directed judgment for the sum of $100 besides the disbursements of the reference. From the judgment entered upon this report of the referee the defendant appealed.

*W. H. Dunn*, for the appellant.

*John B. Riley*, for the respondent.

SMITH, J. :

While the rendition of service of some value by the claimant to the decedent is shown, that such service was rendered under an agreement to pay therefor is not, in my judgment, clearly proven. The only testimony of the decedent's promise to pay is that of the claimant's husband who was the son of the decedent. The promise as testified to by him is not clear or definite. The claimant and her husband left the decedent about six months before her death. During the six years while they were on the farm, however, there must have been numerous settlements between the deceased and the claimant's husband, and not once during all that time or until her death, was any claim made for any extra services rendered. While the claimant was at the house of the deceased she gave birth to four children. The sole care which she received during those times was rendered by the decedent. In this class of cases, where claims are

made against an estate, which were not presented in the lifetime of decedent, the courts seem to require clear proof from disinterested witnesses that the services were accepted with an intent to pay therefor. This requirement of the law claimant has failed to satisfy. The inference seems clear that the assistance given, both by the claimant to the deceased and by the deceased to the claimant, was not in the nature of service under a contract of employment, but was such assistance as would naturally be given by those recogniz-ing the obligations of relationship and the promptings of affection for which no other compensation would be expected than such as might be voluntarily offered. That the assistance here rendered was of this nature would seem to be indicated by the fact that no claim was made therefor until after the provisions of decedent's will had been made known. The judgment should, therefore, be reversed.

All concurred.

Judgment reversed on the law and the facts, referee discharged and new trial granted, with costs to appellant to abide the event.